## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | | |
|---|---|---|
| ASSOCIATED INDUSTRIES INS. | : | |
| CO., INC.. | : | |
| | : | |
| Plaintiff, | : | CASE NO._____ |
| | : | |
| vs. | : | Declaratory Judgment Action |
| | : | |
| QUICK SERVE EMERY, LLC, | : | |
| RHODY DEVELOPMENT, LLC, | : | Jury Trial Demanded |
| VISHAL PATEL, MUKESH | : | |
| PATEL, PERFECT ROBINSON, | : | |
| GREG L. WATKINS, SR., as | : | |
| Grandfather and Guardian of Anahi | : | |
| Janae Watkins and Ke'Auri Watkins, | : | |
| and as Administrator of the Estate of | : | |
| Greg L. Watkins, Jr., KRUNAL | : | |
| PATEL, RAJINDER KAURA, and | : | |
| RSP AMUSEMENT, INC., | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW ASSOCIATED INDUSTRIES INSURANCE COMPANY, INC. ("Associated"), a foreign corporation, and files this Complaint for Declaratory Judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, and shows the Court the following:

## INTRODUCTION

### 1.

This is a coverage action in which Associated seeks an order that it owes no or limited coverage to its insureds and/or claimants under the policy of insurance (the "Policy") it issued to its named insured, Quick Serve Emery, LLC ("Quick Serve"), for the claims asserted in separate civil actions pending in the State Court of Bibb County, Georgia, to wit:  (1) *Perfect Robinson v. Quick Serve Emery, LLC, Vishal Patel, Rhody Development, LLC, and Mukesh Patel,* Civil Action No. 23SCCV-095543, and (2) *Greg L. Watkins, Sr., as Grandfather and Guardian of Anahi Janae Watkins and Ke'Auri Watkins, and as Administrator of the Estate of Greg L. Watkins, Jr. v. Quick Serve Emery, LLC, Vishal Patel, Rhody Development, LLC, RSP Amusement, Inc., Krunal Patel, Mukesh Patel, and Rajinder Kaura*, Civil Action No. -2022-CV-077233 (the "Underlying Actions").

### 2.

The Policy provides certain third-party casualty coverage for bodily injury and/or property damage claims against Quick Serve and other insureds, subject to the Policy's terms, exclusions, conditions, limitations, and endorsements.

### 3.

In summary, Greg L. Watkins, Jr. ('Watkins, Jr.") and Perfect Robinson ("Robinson") were shot in separate incidents while at the convenience store and gas

station operated by Quick Serve in Macon, Georgia (the "Store").  Watkins, Jr. died from his injuries.

4.

The surviving father and children of Watkins, Jr. and Robinson have sued Quick Serve and the rest of the Defendants in the Underlying Actions alleging claims of negligent security and seeking damages.

5.

Plaintiffs in the Underlying Actions allege that since violent acts of crime were rampant at and near the Store, its owners and operators knew or should have known that individuals like themselves or their decedent would be injured if the owners and operators failed to provide for adequate security on the property.

6.

Associated shows that while it doesn't believe there is coverage for the claims asserted in the Underlying Actions since Defendants are alleged to have expected the injuries of the kind they allege, even if there is coverage under the Policy,

(a) Coverage is limited to $25,000 per occurrence by the Policy's Assault & Battery Hazard Sublimit endorsement;

(b) Punitive damages, sought by all plaintiffs in the Underlying Actions, are excluded and not covered by the Policy;

(c) All claims alleged in the Underlying Actions are subject to Quick Serve's deductible obligation; and

(d) Any obligation of Associated to defend any of the Defendants ends upon Associated's settlement of the claims of the Underlying Actions for its Policy limits.

7.

For these and other reasons, Associated seeks a declaration from the Court either that it owes no coverage at all owing to the Policy's Expected Injury exclusion or, if that exclusion does not apply, that its coverage obligations under its Policy limits are limited to $25,000 per occurrence and $50,000 in the aggregate.

## THE PARTIES

8.

Associated is a foreign, for-profit insurance company (a business corporation) organized under the laws of the State of Florida with its principal place of business at 59 Maiden Lane, New York, New York.  It is a citizen of the States of Florida and New York.  Plaintiffs in the Underlying Actions each seek more than $75,000, excluding interest and costs.

9.

Defendant Quick Serve is a limited liability company organized under the laws of the State of Georgia with its registered agent and sole member having been

Christopher M. Lamar, Sr. ("Lamar").   Quick Serve has been dissolved.   Its registered address was the convenience store location at 584 Emery Hwy, Macon, Bibb County, Georgia.  Lamar lives at 1367 Boxwood Ct., Macon, Bibb County, Georgia.  Upon being personally served, Quick Serve and or Lamar will be subject to the jurisdiction and venue of this Court.

10.

Defendant Rhody Development, LLC ("Rhody") is a limited liability company organized under the laws of the State of Georgia with its registered address and principal place of doing business as 330 Bellingham Drive in Thomasville, Thomas County, Georgia.  It is a citizen of Georgia.  Its members are Mukesh Patel of the same address and Lajli Patel, 215 Oak Trace Drive, Thomasville, Thomas County, Georgia.   They are each citizens of the State of Georgia.   Upon being personally served, Rhody will be subject to the jurisdiction and venue of this Court.

11.

Defendant Vishal Patel is an individual who resides at 103 Hanover Place, Macon, Bibb County, Georgia.  He is a citizen of the State of Georgia.  Upon being personally served, Mr. Patel is subject to the jurisdiction and venue of this Court.

12.

Defendant Mukesh Patel is an individual who resides at 330 Bellingham Drive, Thomasville, Thomas County, Georgia.   He is a citizen of the State of

Georgia.  Upon being personally served, Mr. Patel is subject to the jurisdiction and venue of this Court.

13.

Robinson is an individual who resides at 248 Leaf Drive, Macon, Bibb County, Georgia.  He is a citizen of the State of Georgia.  Upon being personally served, Robinson is subject to the jurisdiction and venue of this Court.

14.

Defendant Greg L. Watkins, Sr. ("Watkins") is an individual who has represented to the State Court of Bibb County that he is a resident and citizen of the State of Georgia.  Upon information and belief, Watkins lives at 356 Hampton Rd S, Macon, GA  31317.  Upon being personally served, Watkins is subject to the jurisdiction and venue of this Court.  Watkins is the Administrator of the Estate of Watkins, Jr. which was opened in the Probate Court of Bibb County, Georgia.  He stands in one of the Underlying Actions, also, as representative of the minor children of Watkins, Jr., Anahi Janae Watkins and Ke'Auri Watkins, each a resident and citizen of Bibb County, Georgia.

15.

Defendant Krunal Patel is an individual who resides at 423 Southern Oaks Drive, Macon, Bibb County, Georgia.  He is a citizen of the State of Georgia.  Upon

being personally served, Mr. Patel is subject to the jurisdiction and venue of this Court.

16.

Defendant Rajinder Kaura is an individual who resides at 423 Southern Oaks Drive, Macon, Bibb County, Georgia. She is a citizen of the State of Georgia. Upon being personally served, Rajinder Kaura is subject to the jurisdiction and venue of this Court.

17.

Defendant RSP Amusement, Inc. ("RSP") is business corporation organized under the laws of the State of Georgia with its registered address and principal place of doing business as 423 Southern Oaks Drive, Macon, Bibb County, Georgia. RSP is a citizen of Georgia and may be served through its registered agent, Ravi Kaura, at said address. Upon being personally served, RSP will be subject to the jurisdiction and venue of this Court.

**<u>JURISDICTION AND VENUE</u>**

18.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2201(a), the U.S. Declaratory Judgment Act, because an actual controversy exists whether Associated owes coverage under its insurance policies for the claims asserted in the Underlying Actions and, if so, whether it owes $25,000 per accident or $1,000,000

per accident.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) because there is complete diversity of citizenship between Associated and all of the Defendants in that Associated is a citizen of Florida and New York and all Defendants are citizens of Georgia and the amount in controversy exceeds $75,000, exclusive of interest and costs.

19.

This Court has personal jurisdiction over all Defendants because all are citizens of the State of Georgia or have their principal place of doing business in Georgia.

20.

Venue is proper in this forum under 28 U.S.C. § 1391(b)(2) because all defendants reside in Bibb County, because a "substantial part of the events or omissions giving rise to the Underlying Actions took place in Bibb County, and because the Policy was issued and delivered in Bibb County.  Bibb County falls within the Macon Division of this Court.  28 U.S.C. § 90(b)(2).

21.

An actual case and controversy of a justiciable nature exists between Associated and the Defendants regarding the duties, rights, and obligations, if any, of Associated under the Policy.  Associated is, therefore, entitled to bring this declaratory judgment action in this Court pursuant to Rule 57 of the Federal Rules

of Civil Procedure and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

## FACTUAL BACKGROUND

### A.    The Underlying Actions

22.

This matter arises out of a death and/or serious bodily injury sustained by business invitees of the Store.

23.

In his lawsuit, Watkins alleges that on April 18, 2021, Watkins, Jr. was in the Store when an individual [Christian Demond Williams] entered the Store and shot him at close range.  Watkins, Jr. died of his gunshot wounds.

24.

In his lawsuit, Robinson alleges that late on August 6, 2021, he was shot three times while standing at the front door of the Store.  He alleges he sustained serious injuries as a result of the shooting.

25.

In their lawsuits against Quick Serve and the other Defendants, Watkins and Robinson allege that Defendants knew that over the 10 year period prior to the subject shootings of their lawsuits, numerous other shootings, stabbings, armed robberies and assaults had occurred at the Store.

26.

Robinson and Watkins allege in the same lawsuits that despite Defendants' knowledge of frequent criminal activity at the Store, Defendants chose to offer no security guards and took no other actions to keep customers safe while on the premises.

27.

Robinson and Watkins allege in their lawsuits that Defendants acted willfully in subjecting them (or their decedent) to substantial and unreasonable risk of harm by criminal conduct for which Defendants are liable to them for punitive damages in addition to compensatory damages.

28.

The clear import of Robinson's and Watkins' allegations is that their injuries were expected from the standpoint of the Defendants.

**B.    Relevant Policy Provisions**

29.

Associated issued and delivered the Policy to Quick Serve in Macon, Georgia. This was policy number AES1206323 00 and was in effect from January 18, 2021 to January 18, 2022.  The Policy included, among other coverages, Commercial General Liability coverage set forth on Form CG 00 01 12 07 ("CGL form"), which

in turn was modified by several endorsements to the Policy.  A certified copy of the Policy is attached to this action as Exhibit A.  *See* p. 67 of 206 pages of Exh. A.

30.

The term "You" or "Your" as used in the CGL form and Policy endorsements is defined by the Policy to mean the named insured.  This was Quick Serve per the Policy's declarations.  *Id.*, at pp. 7 and 67 of 206 pages of Exh. A.

31.

The CGL Form contains a section entitled "Who Is An Insured" which identifies who is insured under the Policy.  *Id.*, at p. 74 of 206 pages of Exh. A.

32.

The Policy indicates that Quick Serve is an insured (because it is the Named Insured) as are its members, managers, and employees while acting in their capacities as members, managers, or employees (that is, while acting in furtherance of Quick Serve's business).

33.

Mukesh Patel, Krunal Patel, and Rajinder Kaura were not employees of Quick Serve on the respective dates when Robinson and Watkins, Jr. were shot and they were not acting in furtherance of Quick Serve's business at the time.  They had no decision-making authority on whether to engage security guards or measures at the Store at any time.

34.

Vishal Patel was an employee of Quick Serve on the dates when Robinson and Watkins, Jr. were shot. He acted as accountant and bookkeeper for Quick Serve and also had no decision-making authority on whether to engage security guards or measures at the Store.

35.

The Policy contains an endorsement which provides that Quick Serve's landlord, Rhody, would also be an insured for claims arising out of the use of the leased premises (i.e., the Store). *Id.*, at p. 89 of 206 pages of Exh. A. Rhody is therefore also an insured under the Policy since it owned the property where the Store was located and was Quick Serve's landlord.

36.

RSP Amusement, Inc. ("RSP") is alleged in Watkins' lawsuit to have some ownership or other interest in the gambling machines located inside the Store. RSP was not an owner, operator, manager or employee of the Store. Therefore, RSP is not an insured under the Policy.

37.

The Insuring Agreement within the Policy's CGL form provides that Associated "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies." In

subpart (2), the Insuring Agreement goes on to say "[o]ur right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** . . . ." *Id.*, at p. 67 of 206 pages of Exh. A.

38.

Defendants seek coverage under the Policy for those liabilities alleged against them in the Underlying Actions.

39.

The Insuring Agreement further provides that the insurance applies only to 'bodily injury" caused by an "occurrence". The Policy defines "occurrence" to mean an accident, and Georgia law provides that whether an event is an "accident" is determined from the vantage point of the person who was injured. *Id.*, at p. 79 of 206 pages of Exh. A.

40.

The Policy contains an exclusion which reads in pertinent part as follows:

> This insurance does not apply to . . . . 'bodily injury' expected . . . from the standpoint of the insured.

*Id.*, at p. 68 of 206 pages of Exh. A.

41.

In addition to liability coverage for "bodily injury" and "property damage", the Policy also provides liability coverage for "Personal and Advertising Injury".

Specifically, the Policy's Insuring Agreement for this coverage reads in pertinent

part as follows:

> We will pay those sums that the insured becomes legally obligated to
> pay as damages because of "personal and advertising injury" to which
> this insurance applies.

*Id.*, at p. 71 of 206 pages of Exh. A.

42.

Under the Policy, a "Personal and Advertising Injury" is defined to mean:

> [I]njury, including consequential "bodily injury", arising out of one or
> more of the following offenses:
> **a.**      False arrest, detention or imprisonment;
> **b.**      Malicious prosecution;
> **c.**      The wrongful eviction from, wrongful entry into, or invasion of
>         the right of private occupancy of a room, dwelling or premises
>         that a person occupies, committed by or on behalf of its owner,
>         landlord or lessor;
> **d.**      Oral or written publication, in any manner, of material that
>         slanders or libels a person or organization or disparages a
>         person's or organization's goods, products or services;
> **e.**      Oral or written publication, in any manner, of material that
>         violates a person's right of privacy;
> **f.**      The use of another's advertising idea in your "advertisement"; or
> **g.**      Infringing upon another's copyright, trade dress or slogan in your
>         "advertisement".

*Id.*, at pp. 79-80 of 206 pages of Exh. A.

43.

The Policy contains an exclusion, added by endorsement to the Policy, on

form no. NX GL 021 08 09, which modifies the coverage provided under the

Policy's CGL form, which is entitled:  **EXCLUSION – PUNITIVE DAMAGES**

and which reads in pertinent part as follows:

> This insurance does not apply to:
> **Punitive Damages**
> Any claim of or indemnification for punitive or exemplary damages.  If a "suit" seeking both compensatory and punitive or exemplary damages has been brought against you for a claim covered by this policy, we will provide defense for such action.  We will not have any obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.

*Id.*, at p. 179 of 206 pages of Exh. A.

44.

The Policy is endorsed with a form changing its "Commercial General Liability Coverage Part".  This is the **ASSAULT & BATTERY HAZARD SUBLIMIT – DEFENSE WITHIN LIMITS** set forth on form no. NX GL 119 08 18, which reads in pertinent part as follows:

**A.    Assault & Battery**

> Subject to all other terms and conditions of this policy, the insurance provided under **SECTION I - COVERAGES COVERAGE A – BODILIY INJURY AND PROPERTY DAMAGE LIABILITY and COVERAGE B – PERSONAL AND ADVERTISING INJURY LIABILITY LIMIT** applies to any damages that the insured becomes legally obligated to pay because of an "assault & battery hazard injury." We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages to which this insurance does not apply. However,

    1.    The amount we will pay for damages is limited as described in the SCHEDULE above; and

    2.    Our right and duty to defend ends when we have used up The applicable limit of insurance in the payment of judgments or settlements.

*Id.*, at pp. 187-188 of 206 pages of Exh. A.  On the same form, the Assault & Battery Occurrence Limit is $25,000, and the Assault & Battery Aggregate Limit is $50,000.

45.

In the event of an "assault & battery hazard injury", this endorsement further changes policy limits as follows:

For the purposes of this endorsement only, the **SECTION III – LIMITS OF INSURANCE** section is replaced by the following: Regardless of the number of insureds, premiums paid, claims made or "suits" brought; or persons or organizations making claims or bringing "suits" the most we will pay for all damages resulting from any one "assault & battery hazard injury" is the applicable limit shown in the Schedule of this endorsement or in the Declarations. The Aggregate Limit shown in the Schedule of this endorsement or in the Declarations is the most we will pay for the sum of all "assault & battery hazard injuries" covered by this endorsement.

*Id.*, at p. 187 of 206 pages of Exh. A.

46.

This endorsement further defines the term "assault & battery hazard injury" to mean the following:

The following is added to **SECTION V – DEFINITIONS**:

"Assault & battery hazard injury" means any "bodily injury," "property damage," or "personal and advertising injury" arising out of:

1.     Any actual or threatened assault, battery, sexual assault, sexual battery, fight, altercation, misconduct or similar incident or act of violence, whether caused by or at the instigation of, or at the direction of the insured, his/her employees, customers, patrons, guests or any cause whatsoever;

2.     Use and/or failure to use reasonable force to protect persons or property;

3.     Failure to prevent the conduct described in 1., above; or

4.     The negligent:

    a.     Employment;

    b.     Investigation

    c.     Supervision

    d.     Reporting to the proper authorities, or failure to so report; or

    e.     Retention of a person for whom any insured is or ever was legally responsible and whose conduct is described in 1. – 3. above.

*Id.*, at p. 188 of 206 pages of Exh. A.

47.

With regard to claims falling under the CGL Form, the Policy by endorsement further provides for deductible obligations under the **DEDUCTIBLE LIABILITY ENDORSEMENT – INCLUDING EXPENSE (PER OCCURRENCE/ OFFENSE)** (the "Deductible Endorsement") on form no. NX GL 037 08 09:

    **A.**     Our obligation under the Bodily Injury Liability, Property Damage Liability, and Personal and Advertising Injury Liability Coverages to pay damages on your behalf applies only to the amount of damages in excess of any deductible amounts stated in the Schedule above as applicable to such coverages, and the Limits of Insurance applicable to Each Occurrence or offense for such coverages will be reduced by the amount of such deductible. Aggregate Limits for such coverages shall not be reduced by the application of such deductible amount.

*Id.*, at p. 181 of 206 pages of Exh. A.

48.

The Schedule included in the Deductible Endorsement provides that the deductible obligation for each bodily injury occurrence is $500.

## COUNT I – DECLARATORY JUDGMENT

**ASSOCIATED OWES NO COVERAGE OBLIGATIONS TO RSP, MUKESH PATEL, KRUNAL PATEL, AND RAJINDER KAURA BECAUSE THEY ARE NOT INSUREDS UNDER THE POLICY**

49.

Associated realleges and incorporates by reference into this Count I each and every allegation asserted above in Paragraphs 1-48.

50.

Coverage obligations are determined in Georgia by comparing the allegations of the Complaint to the Policy language.

51.

RSP was not a landlord, a manager, or a lessor of premises and is therefore not an insured under the CGL Form, the ADDITIONAL INSURED – MANAGERS OR LESSOR OF PREMISES endorsement, or any other Policy provision.

52.

Mukesh Patel, Krunal Patel, Rajinder Kaura, and RSP were not owners, operators, managers, or employees of Quick Serve or the Store and are not insureds under the Policy.

53.

Accordingly, pursuant to 28 U.S.C. § 2201, Associated is entitled to a declaration that it owes no coverage under the Policy to Mukesh Patel, Krunal Patel, Rajinder Kaura, and RSP.

## COUNT II – DECLARATORY JUDGMENT

**ASSOCIATED OWES NO COVERAGE OBLIGATIONS
TO ANY DEFENDANT FOR ANY OF THE CLAIMS ASSERTED
IN THE UNDERLYING ACTIONS BECAUSE THE
INJURIES ARE ALLEGED TO HAVE BEEN EXPECTED**

54.

Associated realleges and incorporates by reference into this Count II each and every allegation asserted above in Paragraphs 1-53.

55.

Coverage obligations are determined in Georgia by comparing the allegations of the Complaint to the Policy language.

56.

The Complaints in the Underlying Actions essentially allege that Defendants knew that unless they provided for the security of their customers, additional crimes

or acts of violence (including those perpetrated on them or their decedent) were going to happen at the Store and were going to result in the injuries sustained by Watkins, Jr. and Robinson.

57.

Because the injuries sustained by Watkins, Jr. and Robinson were expected from the standpoint of the Defendants, there is no coverage under the Policy for any of the claims asserted in the Underlying Actions because of the Expected Injury exclusion.

58.

Accordingly, pursuant to 28 U.S.C. § 2201, Associated is entitled to a declaration that it owes no coverage under the Policy to any Defendant for any of the claims asserted in the Underlying Actions.

## **COUNT III – DECLARATORY JUDGMENT**

**EVEN IF THE EXPECTED INJURY EXCLUSION DOES NOT APPLY,
ASSOCIATED OWES NO COVERAGE OBLIGATIONS
FOR THE PUNITIVE DAMAGES CLAIMS ASSERTED
IN THE UNDERLYING ACTIONS**

59.

Associated realleges and incorporates by reference into this Count III each and every allegation asserted above in Paragraphs 1-58.

60.

Coverage obligations are determined in Georgia by comparing the allegations of the Complaint to the Policy language.

61.

As indicated above, the Policy excludes coverage for punitive and exemplary damages. *See* ¶ 43, *supra.*

62.

Accordingly, pursuant to 28 U.S.C. § 2201, Associated is entitled to a declaration that it owes no coverage under the Policy to any Defendant for the punitive damages claims asserted in the Underlying Actions.

## <u>COUNT IV – DECLARATORY JUDGMENT</u>

**EVEN IF THE EXPECTED INJURY EXCLUSION DOES NOT APPLY, AND OWING TO THE ASSAULT & BATTERY HAZARD SUBLIMIT, THE MOST ASSOCIATED COULD OWE UNDER THE POLICY IS $25,000 TO THE WATKINS CLAIMANTS AND $25,000 TO ROBINSON SINCE THE INJURIES EACH SUSTAINED ARE ASSAULT & BATTERY HAZARD INJURIES**

63.

Associated realleges and incorporates by reference into this Count IV each and every allegation asserted above in Paragraphs 1-62.

64.

Coverage obligations are determined in Georgia by comparing the allegations of the Complaint to the Policy language.

65.

Given the definition of an "Assault & Battery Hazard Injury" set forth in the Policy, *see* ¶ 45 *supra*, the injuries alleged in the Underlying Actions are "Assault & Battery Hazard Injuries".

66.

The Policy's liability limits are reduced to $25,000 per occurrence because the injuries alleged in each of the Underlying Actions are "Assault & Battery Hazard Injuries".  The shootings of Watkins, Jr. and Robinson took place on different dates. They are therefore different "occurrences" insofar as how that term is defined by the Policy.  *See* ¶ 39, *supra*.

67.

Accordingly, pursuant to 28 U.S.C. § 2201, Associated is entitled to a declaration that its Assault & Battery Hazard Sublimit applies and that it can owe no more than $25,000 for Robinson's injuries and $25,000 for Watkins' injuries under the Policy regardless of which Defendants are found liable, if any.

## COUNT V – DECLARATORY JUDGMENT

**FOR EACH OF THE LIABILITIES ALLEGED IN THE UNDERLYING ACTIONS INCURRED BY ASSOCIATED'S INSUREDS, THE INSUREDS MUST PAY ASSOCIATED THE $500 DEDUCTIBLE FOR EACH**

68.

Associated realleges and incorporates by reference into this Count V each and every allegation asserted above in Paragraphs 1-67.

69.

Coverage obligations are determined in Georgia by comparing the allegations of the Complaint to the Policy language.

70.

The Policy requires the insureds thereunder to pay a deductible of $500 for each liability incurred by them and which Associated pays either by settlement or judgment. *See* ¶¶ 46-47, *supra*.

71.

Accordingly, pursuant to 28 U.S.C. § 2201, Associated is entitled to a declaration that for each liability incurred by its insureds which Associated pays, either by settlement or judgment, the insureds must pay a $500 deductible to Associated.

## <u>COUNT VI – DECLARATORY JUDGMENT</u>

**EVEN IF THE EXPECTED INJURY EXCLUSION DOES NOT APPLY, UPON ASSOCIATED'S SETTLEMENT OF THE CLAIMS GIVING RISE TO THE UNDERLYING ACTIONS, IT WILL OWE NO FURTHER DEFENSE OBLIGATIONS TO ANY OF THE DEFENDANTS**

72.

Associated realleges and incorporates by reference into this Count VI each and every allegation asserted above in Paragraphs 1-71.

73.

Coverage obligations are determined in Georgia by comparing the allegations of the Complaint to the Policy language.

74.

Upon Associated's settlement of the claims brought in the Underlying Actions for its aggregate Policy limits (no more than $25,000 for Robinson's injuries and $25,000 for Watkins' injuries), by any form of release, including a limited liability release, Associated owes no further or continuing obligation to defend any of the Defendants in either of the Underlying Actions or any other action that could be brought by any other victim of violence at the Store during the same policy period. *See* ¶ 36 *supra*.

75.

Accordingly, pursuant to 28 U.S.C. § 2201, Associated is entitled to a declaration that it owes no further or continuing obligation to defend any of the Defendants in either of the Underlying Actions or any other action that could be brought by any other victim of violence at the Store during the same policy period upon the exhaustion of its Policy limits in the Underlying Actions.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Associated respectfully requests that the Court grant it the following relief:

a.    Enter a declaratory judgment that Associated owes no coverage under the Policy to Mukesh Patel, Krunal Patel, Rajinder Kaura, and RSP;

b.    Enter a declaratory judgment that Associated owes no coverage under the Policy to any Defendant for any of the claims asserted in the Underlying Actions because Defendants are alleged to have expected the injuries sustained;

c.    If this Court concludes that the Policy's Expected Injury exclusion does not apply, then in the alternative, Associated asks for the following relief:

1.    Enter a declaratory judgment that Associated owes no coverage under the Policy to any Defendant for the punitive damages claims asserted in the Underlying Actions;

2.    Enter a declaratory judgment that the Policy's Assault & Battery Hazard Sublimit applies such that the most that Associated would have to pay the claimants in the Underlying Actions is $25,000 per occurrence up to the Policy's aggregate limit of $50,000;

3.     Enter a declaratory judgment that for each liability in the Underlying Actions sustained by the insureds under the Policy, the insureds must pay Associated the $500 deductible;

4.     Enter a declaratory judgment that upon exhausting its $25,000 per occurrence Policy limits ($50,000 aggregate) on the claims alleged in the Underlying Actions, Associated will owe no continuing defense obligations to any Defendant in the Underlying Actions; and

d.     Grant such other and further relief this Court deems just and proper, and

e.     If trial is necessary, permit the Plaintiff a trial by jury.


*/s/ William Allred*_____
William Allred, Ga. Bar No. 000320
Elizabeth G. Howard, Ga. Bar No. 100118
Counsel for Plaintiff

**BARRICKMAN, ALLRED & YOUNG, LLC**
5775 Glenridge Dr NE Ste E100
Atlanta, GA  30328
404-790-0123 – Allred
404-538-1225 – Howard
wsa@bayatl.com
egh@bayatl.com