**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **ASSOCIATED INDUSTRIES INS.** )( | |
| **CO., INC.** )( | |
| )( | |
| **Plaintiff,** )( | |
| )( | **Case No. 5:23-cv-00201 - TES** |
| **vs.** )( | |
| )( | |
| **QUICK SERVE EMERY, LLC,** )( | |
| **RHODY DEVELOPMENT, LLC,** )( | |
| **VISHAL PATEL, MUKESH PATEL** )( | |
| **PERFECT ROBINSON, GREG L.** )( | |
| **WATKINS, SR., as Grandfather and** )( | |
| **Guardian of Anahi Janae Watkins and** )( | |
| **Ke' Auri Watkins, and as Administrator** )( | |
| **Of the Estate of Greg L. Watkins, Jr.,** )( | |
| **KRUNAL PATEL, RAJINDER** )( | |
| **KAURA, and RSP AMUSEMENT, INC.,** )( | |
| )( | |
| **Defendants** )( | |

## ANSWER TO COMPLAINT FOR DECLARATORY RELIEF BY RHODY DEVELOPMENT, LLC

COMES NOW RHODY DEVELOPMENT, LLC (hereinafter referred to as "Defendant"), and files his Answer to Plaintiff's Complaint For Declaratory Relief, showing the following:

## DEFENSES

Defendant hereby states the following defenses to Plaintiff's Complaint but does not assume a burden of proof on any such defense except as required by applicable law with respect to the particular defense asserted. Defendant reserves the right to assert other affirmative and additional defenses and otherwise to supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff may have waived any and all rights to deny any of the coverage available under the parties' insurance contract.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff may have waited too long, and to the detriment of the Defendant (laches), to deny any of the coverage available under the parties' insurance contract.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff may be estopped from denying any of the coverage available under the parties' insurance contract.

## FIFTH DEFENSE

Plaintiff's Complaint is barred due to the absence of any legitimate controversy.

## SIXTH DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff did not timely send a proper reservation of rights notice to the proper insureds.

## RESPONSE TO NUMBERED PARAGRAPHS

Defendant responds to the individually numbered paragraphs of Plaintiff's Complaint as follows:

## INTRODUCTION

1.

In response to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendant admits that Plaintiff has filed this action seeking a declaration that it owes no or limited coverage to Defendants.  All remaining allegations contained in Paragraph 1 of Plaintiff's Complaint are denied.

2.

In response to the allegations contained in Paragraph 2 of Plaintiff's Complaint, Defendant states the insurance policy is a legally binding contract which speaks for itself. Defendant denies the remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.

In response to the allegations contained in Paragraph 3 of Plaintiff's Complaint, Defendant admits that allegations were made in the "Underlying Actions" regarding shootings and injuries to Watkins, Jr. and Robinson.  This Defendant lacks sufficient knowledge or information to form a belief as to the truth or accuracy of these allegations, which allegations therefore stand denied.

4.

Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.

In response to the allegations contained in Paragraph 5 of Plaintiff's Complaint, Defendant admits only that such allegations have been made but specifically denies that this Defendant had any knowledge of, or should have had any knowledge of, any violent

acts of crime at the Store's location.  All remaining allegations contained in Paragraph 5

of Plaintiff's Complaint are hereby denied.

6.

Defendant denies the allegations contained in Paragraph 6 of Plaintiff's

Complaint.

7.

In response to the allegations contained in Paragraph 7 of Plaintiff's Complaint,

Defendant admits that Plaintiff seeks a declaration from the Court either that it owes no

or limited coverage under the insurance policy.  Defendant denies these allegations and

all remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

**THE PARTIES**

8.

Defendant lacks sufficient knowledge or information to either admit or deny the

allegations contained in Paragraph 8 of Plaintiff's Complaint, which allegations therefore

stand denied.

9.

Defendant lacks sufficient knowledge or information to either admit or deny the

allegations contained in Paragraph 9 of Plaintiff's Complaint, which allegations therefore

stand denied.

10.

In response to the allegations contained in Paragraph 10 of Plaintiff's Complaint,

Defendant admits that Rhody Development, LLC is a limited liability company organized

under the laws of the State of Georgia, that its registered address and principal place of

doing business is 330 Bellingham Drive in Thomasville, Thomas County, Georgia, that it is a citizen of Georgia, and that it is subject to the jurisdiction and venue of this Court. Defendant denies all remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint, which allegations therefore stand denied.

12.

Defendant admits the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint, which allegations therefore stand denied.

14.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint, which allegations therefore stand denied.

15.

Defendant lacks sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint, which allegations therefore stand denied.

16.

Defendant lacks sufficient knowledge or information to either admit or deny the

allegations contained in Paragraph 16 of Plaintiff's Complaint, which allegations

therefore stand denied.

17.

Defendant lacks sufficient knowledge or information to either admit or deny the

allegations contained in Paragraph 17 of Plaintiff's Complaint, which allegations

therefore stand denied.

**JURISDICTION AND VENUE**

18.

Defendant denies the allegations contained in Paragraph 18 of Plaintiff's

Complaint.

19.

In response to the allegations contained in Paragraph 19 of Plaintiff's Complaint,

Defendant admits that Mukesh Patel and Defendant Rhody Development, LLC are

subject to the jurisdiction of this Court. Defendant lacks sufficient information to either

admit or deny the remaining allegations contained in Paragraph 19 of Plaintiff's

Complaint, which allegations therefor stand denied.

20.

In response to the allegations contained in Paragraph 20 of Plaintiff's Complaint,

Defendant admits that venue may be proper as to Defendant Rhody Development, LLC in

Bibb County, Georgia.  Defendant denies that venue is proper as to Mukesh Patel in Bibb

County.  Defendant lacks sufficient information to either admit or deny the remaining

allegations contained in Paragraph 20 of Plaintiff's Complaint, which allegations

therefore stand denied.

21.

Defendant denies the allegations contained in Paragraph 21 of Plaintiff's

Complaint.

## FACTUAL BACKGROUND

### A.      The Underlying Actions

22.

Defendant lacks sufficient information to either admit or deny the allegations

contained in Paragraph 22 of Plaintiff's Complaint, which allegations therefore stand

denied.

23.

In response to the allegations contained in Paragraph 23 of Plaintiff's Complaint,

Defendant admits that such allegations were made in a lawsuit by Watkins but denies that

this Defendant is liable in any way for any of the injuries or death sustained.  Defendant

denies all remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.

In response to the allegations contained in Paragraph 24 of Plaintiff's Complaint,

Defendant admits that such allegations were made in a lawsuit by Robinson but denies

that this Defendant is liable in any way for any of the injuries or death sustained.

Defendant denies all remaining allegations contained in Paragraph 24 of Plaintiff's

Complaint.

25.

In response to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Defendant admits that such allegations were made in the lawsuits by Watkins and Robinson but denies that this Defendant had any knowledge of any prior shootings, stabbings, armed robberies, assaults of any other violent crime at the Store as this Defendant did not operate the store.  Defendant further denies that it is liable in any way for any of the injuries or death sustained.  Defendant denies all remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.

In response to the allegations contained in Paragraph 26 of Plaintiff's Complaint, Defendant admits that such allegations were made in the lawsuits by Watkins and Robinson but denies that this Defendant had any responsibility to provide security or keep customers safe as this Defendant did not operate or run the Store.  This Defendant further denies that it is liable in any way for any of the injuries or death sustained. Defendant denies all remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.

In response to the allegations contained in Paragraph 27 of Plaintiff's Complaint, Defendant admits that such allegations were made in the lawsuits by Watkins and Robinson but denies that this Defendant is liable to Robinson or Watkins for any damages or harmed sustained in any way as this Defendant did not operate the store.

Defendant denies all remaining allegations contained in Paragraph 27 of Plaintiff's

Complaint.

28.

Defendant denies the allegations contained in Paragraph 28 of Plaintiff's

Complaint.

**B.**      **Relevant Policy Provisions**

29.

Defendant lacks sufficient information to either admit or deny the allegations

contained in Paragraph 29 of Plaintiff's Complaint, which allegations therefore stand

denied.

30.

In response to the allegations contained in Paragraph 30 of Plaintiff's Complaint,

Defendant shows that the insurance policy is a legal document which speaks for itself.

Defendant lacks sufficient information to either admit or deny the remaining allegations

contained in Paragraph 30 of Plaintiff's Complaint, which allegations therefore strand

denied.

31.

In response to the allegations contained in Paragraph 31 of Plaintiff's Complaint,

Defendant shows that the insurance policy is a legal document which speaks for itself.

Defendant lacks sufficient information to either admit or deny the remaining allegations

contained in Paragraph 31 of Plaintiff's Complaint, which allegations therefore strand

denied.

32.

In response to the allegations contained in Paragraph 32 of Plaintiff's Complaint, Defendant shows that the insurance policy is a legal document which speaks for itself. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 32 of Plaintiff's Complaint, which allegations therefore strand denied.

33.

In Response to the allegations contained in Paragraph 33 of Plaintiff's Complaint, Defendant admits that Mukesh Patel was not an employee of Quick Serve, was not acting in furtherance of Quick Serve's business at the time and had no decision-making authority on whether to engage security guards or measures at the Store.  Defendant lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 33 of Plaintiff's Complaint, which allegations therefore stand denied.

34.

Defendant lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 34 of Plaintiff's Complaint, which allegations therefore stand denied.

35.

In response to the allegations contained in Paragraph 35 of Plaintiff's Complaint, Defendant admits that Rhody Development, LLC owned the real estate on which the Store was located, that Rhody Development, LLC was Quick Serve's out of possession landlord, and that Rhody Development, LLC should be covered as an insured under the insurance Policy.  Responding further, Defendant shows that the insurance contract is a

legal document which speaks for itself.  Defendant denies any remaining allegations contained in Paragraph 35 of Plaintiff's Complaint.

36.

Defendant lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 36 of Plaintiff's Complaint, which allegations therefore stand denied.

37.

In response to the allegations contained in Paragraph 37 of Plaintiff's Complaint, Defendant shows that the insurance policy is a legal document which speaks for itself. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 37 of Plaintiff's Complaint, which allegations therefore strand denied.

38.

In response to the allegations contained in Paragraph 38 of Plaintiff's Complaint, Defendant admits that it seeks coverage under the Policy.  Defendant lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 38 of Plaintiff's Complaint, which allegations therefore stand denied.

39.

In response to the allegations contained in Paragraph 39 of Plaintiff's Complaint, Defendant shows that the insurance policy is a legal document which speaks for itself. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 39 of Plaintiff's Complaint, which allegations therefore strand denied.

40.

In response to the allegations contained in Paragraph 40 of Plaintiff's Complaint,

Defendant shows that the insurance policy is a legal document which speaks for itself.

Defendant lacks sufficient information to either admit or deny the remaining allegations

contained in Paragraph 40 of Plaintiff's Complaint, which allegations therefore strand

denied.

41.

In response to the allegations contained in Paragraph 41 of Plaintiff's Complaint,

Defendant shows that the insurance policy is a legal document which speaks for itself.

Defendant lacks sufficient information to either admit or deny the remaining allegations

contained in Paragraph 41 of Plaintiff's Complaint, which allegations therefore strand

denied.

42.

In response to the allegations contained in Paragraph 42 of Plaintiff's Complaint,

Defendant shows that the insurance policy is a legal document which speaks for itself.

Defendant lacks sufficient information to either admit or deny the remaining allegations

contained in Paragraph 42 of Plaintiff's Complaint, which allegations therefore strand

denied.

43.

In response to the allegations contained in Paragraph 43 of Plaintiff's Complaint,

Defendant shows that the insurance policy is a legal document which speaks for itself.

Defendant lacks sufficient information to either admit or deny the remaining allegations

contained in Paragraph 43 of Plaintiff's Complaint, which allegations therefore strand

denied.

44.

In response to the allegations contained in Paragraph 44 of Plaintiff's Complaint,

Defendant shows that the insurance policy is a legal document which speaks for itself.

Defendant lacks sufficient information to either admit or deny the remaining allegations

contained in Paragraph 44 of Plaintiff's Complaint, which allegations therefore strand

denied.

45.

In response to the allegations contained in Paragraph 45 of Plaintiff's Complaint,

Defendant shows that the insurance policy is a legal document which speaks for itself.

Defendant lacks sufficient information to either admit or deny the remaining allegations

contained in Paragraph 45 of Plaintiff's Complaint, which allegations therefore strand

denied.

46.

In response to the allegations contained in Paragraph 46 of Plaintiff's Complaint,

Defendant shows that the insurance policy is a legal document which speaks for itself.

Defendant lacks sufficient information to either admit or deny the remaining allegations

contained in Paragraph 46 of Plaintiff's Complaint, which allegations therefore strand

denied.

47.

In response to the allegations contained in Paragraph 47 of Plaintiff's Complaint,

Defendant shows that the insurance policy is a legal document which speaks for itself.

Defendant lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 47 of Plaintiff's Complaint, which allegations therefore strand denied.

48.

In response to the allegations contained in Paragraph 48 of Plaintiff's Complaint, Defendant shows that the insurance policy is a legal document which speaks for itself. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 48 of Plaintiff's Complaint, which allegations therefore strand denied.

## COUNT I – DECLARATORY JUDGMENT

49.

Defendant realleges and incorporates by reference Paragraphs 1-48 of its Answer as if set forth fully herein.

50.

The allegations contained in Paragraph 50 of Plaintiff's Complaint are a legal conclusion to which no response should be required.  Defendant denies all remaining allegations contained in Paragraph 50 of Plaintiff's Complaint.

51.

Defendant lacks sufficient information to either admit or deny the allegations contained in Paragraph 51 of Plaintiff's Complaint, which allegations therefore stand denied.

52.

In response to the allegations contained in Paragraph 52 of Plaintiff's Complaint, Defendant admits that Mukesh Patel was not an owner, operator or employee of Quick Serve or the Store.  Defendant lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 52 of Plaintiff's Complaint, which allegations therefore stand denied.

53.

Defendant denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

## COUNT II – DECLARATORY JUDGMENT

54.

Defendant realleges and incorporates by reference Paragraphs 1-53 of its Answer as if set forth fully herein.

55.

The allegations contained in Paragraph 55 of Plaintiff's Complaint are a legal conclusion to which no response should be required.  Defendant denies all remaining allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.

Defendant denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.

Defendant denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

58.

Defendant denies the allegations contained in Paragraph 58 of Plaintiff's Complaint.

## COUNT III – DECLARATORY JUDGMENT

59.

Defendant realleges and incorporates by reference Paragraphs 1-58 of its Answer as if set forth fully herein.

60.

The allegations contained in Paragraph 59 of Plaintiff's Complaint are a legal conclusion to which no response should be required.  Defendant denies all remaining allegations contained in Paragraph 59 of Plaintiff's Complaint.

61.

Defendant denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

62.

Defendant denies the allegations contained in Paragraph 62 of Plaintiff's Complaint.

## COUNT IV – DECLARATORY JUDGMENT

63.

Defendant realleges and incorporates by reference Paragraphs 1-62 of its Answer as if set forth fully herein.

64.

The allegations contained in Paragraph 64 of Plaintiff's Complaint are a legal conclusion to which no response should be required.  Defendant denies all remaining allegations contained in Paragraph 64 of Plaintiff's Complaint.

65.

Defendant denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

66.

Defendant denies the allegations contained in Paragraph 66 of Plaintiff's Complaint.

67.

Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

## COUNT V – DECLARATORY JUDGMENT

68.

Defendant realleges and incorporates by reference Paragraphs 1-67 of its Answer as if set forth fully herein.

69.

The allegations contained in Paragraph 69 of Plaintiff's Complaint are a legal conclusion to which no response should be required.  Defendant denies all remaining allegations contained in Paragraph 69 of Plaintiff's Complaint.

70.

Defendant denies the allegations contained in Paragraph 70 of Plaintiff's Complaint.

71.

Defendant denies the allegations contained in Paragraph 71 of Plaintiff's

Complaint.

## COUNT VI – DECLARATORY JUDGMENT

72.

Defendant realleges and incorporates by reference Paragraphs 1-71 of its Answer

as if set forth fully herein.

73.

The allegations contained in Paragraph 73 of Plaintiff's Complaint are a legal

conclusion to which no response should be required.  Defendant denies all remaining

allegations contained in Paragraph 73 of Plaintiff's Complaint.

74.

Defendant denies the allegations contained in Paragraph 74 of Plaintiff's

Complaint.

75.

Defendant denies the allegations contained in Paragraph 75 of Plaintiff's

Complaint.

Any and all remaining allegations contained in Plaintiff's Complaint which are

not expressly admitted or denied herein and hereby denied.

Responding to the unnumbered paragraph immediately following Paragraph 75 of

Plaintiff's Complaint and beginning with the word **"WHEREFORE,"** Defendant denies

that Plaintiff is entitled to any of the relief requested therein.

WHEREFORE, Defendant prays that:

a.     The Court dismiss the Complaint against Defendant and enter a judgment

in favor of Defendant on all counts contained in the Complaint;

b.     All costs of this action, including attorneys' fees, be taxed against

Plaintiff; and

c.     The Court grant Defendant such other and further relief as is just and

proper.

Respectfully submitted this 28th day of June, 2023.

HOWELL LAW FIRM, P.C.


*/s/ Robert D. Howell*
Ga. Bar No. 372598
Attorney for Defendant Rhody
Development, LLC


HOWELL LAW FIRM, P.C.
P.O. Box 100
Moultrie, Georgia 31776
(229) 985-5300
(229) 891-3378 - fax
robert.howell@southgalaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this day I electronically filed the within and forgoing

**ANSWER TO COMPLAINT FOR DECLARATORY RELIEF BY RHODY**

**DEVELOPMENT, LLC** with the Clerk of Court using the CM/ECF system, which will

automatically send e-mail notification of such filing to the following attorneys of record:

William Allred
Elizabeth G. Howard
Barrickman, Allred & Young, LLC
5775 Glenridge Dr. NW Ste E100
Atlanta, GA 30328
was@bayatl.com
egh@bayatl.com

Respectfully submitted this 28th day of June, 2023.

HOWELL LAW FIRM, P.C.
*/s/ Robert D. Howell*
ROBERT D. HOWELL
Georgia Bar No. 372598
P.O. Box 100
Moultrie, Georgia 31776
Tel: (229) 985-5300
Fax: (229) 891-3378
robert.howell@southgalaw.com